EDWARD J. AND JUDY A. SULLIVAN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Sullivan v. Commissioner
Docket No. 6579-80.
United States Tax Court
T.C. Memo 1982-150; 1982 Tax Ct. Memo LEXIS 598; 43 T.C.M. (CCH) 880; T.C.M. (RIA) 82150; March 24, 1982. Edward J. Sullivan, pro se. Patrick E. McGinnis, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: Respondent determined the following deficiencies in petitioners' Federal income taxes and additions to tax: Addition to Tax
Year
Deficiency
Section 6653(a) [1]
1976
$ 1,032
$ 52
1977
639
32
Some concessions were made by petitioner Edward J. Sullivan at the trial of this case. [2] Three issues are presented for decision: *600 1. Whether petitioner is entitled to deductions in 1976 and 1977, in excess of the amounts allowed by respondent, for mileage expenses of a pickup truck used by petitioner in the operation of his service station. 2. Whether petitioner's promotional expenses, in excess of the amounts allowed by respondent, which were incurred in providing free beer to his service station customers, are deductible under section 162(a) and allowable under section 274. 3. Whether petitioners are liable for the additions to tax under section 6653(a). To facilitate the disposition of the contested issues we are combining our findings of fact and opinion. Some of the facts have been stipulated. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference. Petitioners were residents of Chickasha, Oklahoma, when they filed their petition in this case. They filed a timely joint Federal income tax return for the year 1977. Edward J. Sullivan (hereinafter referred to individually as petitioner) leased and operated a service station, known as Sully's DX Station, in Chickasha, Oklahoma, from October 1974 through April 1977. Chickasha has a population of *601 about 14,000. Mileage Expenses for Pickup Truck
Petitioner deducted on Schedule C of his income tax returns $ 4,350 for 1976 and $ 3,050 for 1977 as expenses for the pickup truck he used for local transportation in his service station business. These amounts represent 36,000 claimed business miles driven in 1976 and 20,000 in 1977. In his notice of deficiency respondent allowed pickup expense deductions of $ 1,500 for 1976 and $ 567 for 1977. These amounts represent 10,000 and 3,335 business miles for 1976 and 1977, respectively. Petitioner has acknowledged that in addition to business use the pickup truck was also used by him in commuting to and from his home (a distance of three miles from the service station) and for use on fishing trips on some weekends. He stated that his business mileage was not greater than 30,000 miles for 1976 and 6,000 for 1977. The pickup truck was used extensively for business purposes, primarily for frequent service calls but also for picking up automobile parts. Petitioner did a lot of service and cleaning work on vehicles for the Sooner Oil Company and for SWACO, an oil field company. He would often drive his truck to the company area, *602 leave it and then drive the vehicle back to his service station. We are satisfied on this record that the petitioner is entitled to a deduction for 25,000 business miles in 1976 and 5,000 miles in 1977, or $ 3,750 for 1976 and $ 850 for 1977. We so hold. Promotional Expenses--Free Beer
Petitioner claimed on Schedule C of his Federal income tax return deductions of $ 2,128 for 1976 and $ 1,066 for 1977 for "advertising and promotion." In his notice of deficiency respondent allowed $ 953.23 for advertising and promotion expense, as follows: Item
Amount Allowed
Radios, Signs & Newspapers
$ 300.78
Food and Beer Purchases
652.45
Respondent also allowed $ 483.19 for advertising and promotion expense for 1977. The amounts allowed were computed by allowing one-half of petitioner's total receipts. Respondent disallowed $ 1,175 for 1976 and $ 583 for 1977 because "it has not been established that these amounts were ordinary and necessary business expenses, or were expended for the purpose designated." From October 1974 through the end of 1975 the petitioner offered his service station customers S&H Green Stamps as a promotional item. Since many of his *603 customers were oil field workers, it was suggested to petitioner that he would get more business if he would give free beer to his customers rather than S&H Green Stamps. Thus, in January 1976, he discontinued giving S&H Green Stamps and began offering free beer to his customers as a promotional item. The beer was purchased from Humpty-Dumpty, Safeway and various liquor stores. It was kept in an old Coca Cola vending machine the petitioner had purchased and from which he removed the coin mechanism. Free beer was offered to any customer who traded with the petitioner's service station. Usually the customer would park his car in a gas stall, and while the vehicle was being filled with gasoline or serviced, the customer was offered and allowed to drink beer in the station. Customers normally had one or two beers. Approximately 95 percent of the beer was consumed by petitioner's customers, and the remaining 5 percent was consumed by his employees, who were permitted to drink beer after closing. Petitioner was not a beer drinker. Petitioner's business increased after he began offering free beer to his customers. Respondent contends that no further deductions [3] should be allowed *604 for any "advertising and promotion" expense because the petitioner has not established that the amounts he expended for beer were "directly related" to the "active conduct" of his business under section 274(a)(1)(A) and sections 1.274-2(a)(1)(i) and 1.274-2(c)(2) and (3), Income Tax Regs. In addition, respondent contends that the amounts expended for beer furnished to the customers of Sully's DX Station were not allowable business expenses in a "clear business setting" under the provisions of section 1.274-2(c)(4), Income Tax Regs., since such expenses were only to promote general goodwill; and, finally, that the petitioner has failed to substantiate the expenses by adequate records or by sufficient evidence corroborating his own statements, as required by section 274(d) and the regulations promulgated thereunder. Petitioner, being a layman, but a person whose testimony impressed us as candid and forthright, indeed refreshing, takes the position that in making has beer expenditures he was "promoting good business" and not just general goodwill. [4]
*605 In principle and law, we agree with the petitioner, although he has not substantiated the full amounts claimed as promotional expenses. First, we think section 274 and the applicable regulations apply to this particular situation. Interpreted literally, the term "entertainment" includes "an activity, the cost of which is claimed as a business expense by the taxpayer, which satisfies the personal, living, or family needs of any individual, such as providing food and beverages." Section 1.274-2(b)(1)(i), Income Tax Regs. Beer, of course, is a beverage. Second, an expenditure for entertainment is considered directly related to the active conduct of a taxpayer's trade or business if it meets the requirements of anyone of subparagraphs (3), (4), (5) or (6) of section 1.274-2(c)(2), Income Tax Regs. Here subparagraph (4) is applicable because the free beer was furnished to petitioner's customers in a "clear business setting directly in furtherance of" his business. Every recipient of the beer reasonably knew that the petitioner had *606 no significant motive, in incurring the expenditure, other than directly furthering his business. He used this promotional technique to lure customers to his station to sell them gas, oil and other services. Anyone who traded with him was offered beer free of charge. There was plainly a direct relationship between the petitioner's providing services and beer. The factual situation here comes within the ambit of section 1.274-2(c)(4), Income Tax Regs., which specifically provides, in analogous circumstances, as follows: Also, entertainment which has the principal effect of a price rebate in connection with the sale of the taxpayer's products generally will be considered to have occurred in a clear business setting. Such would be the case, for example, if a taxpayer owning a hotel were to provide occasional free dinners at the hotel for a customer who patronized the hotel. In these circumstances, too, the petitioner was not attempting to generate general goodwill; he was directly trying to sell more of his products. Consequently, we think his substantiated *607 beer expenditures for customers are deductible under section 162(a) and section 274. And clearly the cost of the beer furnished on the petitioner's business premises to his employees is deductible. See section 274(e)(2) and section 1.274-2 (f)(2)(ii), Income Tax Regs.
Petitioner has substantiated to our satisfaction, by his testimony and sufficient documentary evidence and records, promotional expenses in the total amounts of $ 1,981.05 for 1976 and $ 482.56 for 1977. For the most part the corroborating evidence consists of cash receipts and cash register tapes reflecting purchases of beer. Therefore, we hold that the petitioner is entitled to the amounts substantiated. 3. Section 6653(a) Additions to Tax
We sustain respondent's determination with respect to the additions to tax under section 6653(a) for negligence because the petitioners have offered no evidence on this issue, and therefore they have failed to carry their burden of proof. To reflect the concessions made by the petitioner and our conclusions on the disputed issues, Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue, unless otherwise indicated.↩
2. Petitioner conceded that his casualty loss for 1976 was $ 436 rather than $ 600 claimed on his return. He also conceded that his mileage expense for his pickup truck was no more than $ 3,750 in 1976 and $ 1,020 in 1977 instead of the amounts of $ 4,350 and $ 3,050, respectively, which were claimed on his income tax return.↩
3. We find it strange and inconsistent that respondent accepted petitioner's receipts for advertising and promotion expenses and allowed only one-half of the total as deductible business expenses but disallowed the remainder on the ground that they do not qualify as ordinary and necessary business expenses. ↩
4. Petitioner's points are succinctly stated in his brief as follows: When I first opened my station business was very slow, as usual with a new business. Next I started using S&H Green Stamps to boost my sales. The majority of oil field workers (my customers) were single men who didn't have much time for licking stamps. I began giving beer. I know from past experience that "oilers" much rather drink ice cold beer than lick stamps after a long hot day in the oil fields. * * * If I were to continue with Green Stamps I would have never increased my business. In 1977 my business was really strong until I got sick and had to sell out. I still feel good about it and I still have every receipt from every beer purchase as well as every Green Stamp purchase I ever made. Sir, I really don't feel in my heart how a small business man can be put down because he had an idea and made it work. * * * The force and truth of these statements are self-evident. We have no doubt that an oil worker, after a long, hard day in the field, would much prefer to stop by Sully's Service Station for gas and a cold beer rather than go home licking S&H Green Stamps.Unlike the complex rule in Shelley's case--that nemesis of all first year law students of real property--the rule in Sully's case is simply that a small businessman who wants to obtain customers and sell more of his products can offer free beer to beer lovers. Stated differently, in exchange for purchasing gas, oil and other services, Sully said to his customers "This Bud's for you."↩